UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEWIS ALTMAN, JR.,

      Petitioner,

v.                             Case No. 09-C-0602

BRADLEY HOMPE, Warden,

      Respondent.

**RECOMMENDATION THAT PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED**

On June 17, 2009, Lewis Altman, Jr. ("Altman") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, Altman presents the "[o]verview" of his claim to be as follows:

> On May 4th, 2009 petitioner was interviewed by Parole Commissioner D.M. La Cost. Petitioner was denied Parole and his next parole hearing was deferred for 24 months making the next time petitioner see (sic) Parole in July of 2011. Petitioner contains (sic) that the Parole Commission did not go by the law that was in effect in 1993. Petitioner seeks a court order directing a new Parole hearing be held under the law of WSA, § 304.06(1r) which was in effect in 1993.

(Petition at 2.)

Distilled to its essence, Altman's petition claims that he has been denied parole in violation of the Due Process Clause of the Fourteenth Amendment and the Ex Post Facto Clause of the United States Constitution. Specifically, Altman claims that he has a protected liberty interest in obtaining parole under Wis. Stat. § 304.06 (1r) (1989-90), which provided:

> The parole commission shall grant release on parole, unless there are overriding considerations not to do so, to any inmate who is eligible for parole under sub. (1) and meets either of the following conditions:

>                     \* \* \*

---

[1] In his petition, Altman mistakenly cites 42 U.S.C. § 2241.

> 2. The inmate did not have a high school diploma, a high school equivalency diploma or a certificate of general educational development at the time of his or her admission to state prison and the inmate thereafter obtained a high school equivalency diploma or a certificate of general educational development while incarcerated in state prison.

Section 304.06(1r) took effect on January 1, 1990 and was repealed effective July 9, 1996. 1989 Wis. Act 31, § 3203(23); 1995 Wis. Act 444; *State ex rel. Britt v. Gamble*, 2002 WI App 238, ¶ 7, 257 Wis. 2d 689, 653 N.W.2d 143.

Unfortunately for Altman, the very same claims that he sets forth in his instant habeas corpus petition were considered and rejected by the United States District Court for the Western District of Wisconsin in *Altman v. Frank*, 2006 WL 680994 (W.D. Wis. Mar. 15, 2006). The district court's decision was affirmed by the United States Court of Appeals for the Seventh Circuit in *Altman v. Frank*, 202 Fed. Appx. 916 (7th Cir. 2006).

To be sure, in *Altman v. Frank* the claims were presented in the context of a civil rights action under 42 U.S.C. §1983. But no matter. Whether Altman sues under 42 U.S.C.§ 1983 or under 28 U.S.C. § 2241, the net result is the same. His claims must be dismissed. In affirming the district court's dismissal of Altman's complaint for failure to state a claim, the court of appeals stated:

> Mr. Altman does not have a protected liberty interest in obtaining parole under former § 304.06(1r) even though that statute was in effect at the time of his sentencing. Prisoners do not have a constitutional right to parole, and although state statutes couched in mandatory language may create a protected liberty interest in release on parole, *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7-8, 99 S. Ct. 2100, 60 L. Ed.2d 668 (1979); *Grennier v. Frank,* 453 F.3d 442, 444 (7th Cir. 2006), federal courts must defer to the finding of the state's highest court in determining whether a particular state has, by statute, created a protected liberty interest. *Heidelberg v. Illinois Prisoner Review Board & Kenneth P. Dobucki*, 163 F.3d 1025, 1026 (7th Cir. 1998). When the state's highest court has not ruled on an issue, federal courts should adhere to the decision of the state's appellate court unless there are "persuasive reasons" to believe the state's highest court would hold otherwise. *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997). The Court of Appeals of Wisconsin has stated unequivocally that § 304.06(1r) did not create a liberty interest in parole for inmates who were sentenced while the statute was still in effect but became eligible for parole only after its repeal. *State ex rel. Britt v Gamble*, 257 Wis. 2d 689, 653 N.W.2d 143, 148 (2002). Furthermore, the appellate

2

court explained that even prisoners who became eligible for parole while that statute was in effect did not have a liberty interest in parole release because the Parole Commission "retained discretion in granting release on parole in its subjective determination of whether there were 'overriding considerations' not to grant it." *Id*. at 149. We find no reason to believe the Supreme Court of Wisconsin would disagree with the view of the appellate court, and we thus agree with the district court that Mr. Altman has no cognizable due process claim.

*Altman*, 202 Fed. Appx. at 918.

Likewise, the court of appeals affirmed the district court's dismissal of Altman's ex post facto claim.

> Mr. Altman's argument that the Commission's decision violated the Ex Post Facto Clause fails for the same reason. In considering an ex post facto challenge, our focus is "not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether any such change . . . increases the penalty by which a crime is punishable." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n. 3, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995). The Commission deferred parole for Mr. Altman on the basis of his unmet "treatment needs," the nature of the offense for which he was incarcerated ("a relatively unprovoked shooting"), his criminal history and status as a repeat violent offender, and the Commission's concern that releasing Mr. Altman on parole would put the public at risk. These factors would have been considered under § 304.06(1r) as "overriding considerations" that warranted denying parole even to otherwise eligible inmates. *See Gamble*, 653 N.W.2d at 149. Because the Commission simply exercised the same discretion to deny Mr. Altman parole in 2005 that it could have exercised under § 304.06(1r), the Commission's failure to evaluate Mr. Altman under the old statute did not increase the penalty by which Mr. Altman's claim was punishable. *See Morales*, 514 U.S. at 508-09, 115 S. Ct. 1597 (rejecting argument that any legislative change that might conceivably affect a prisoner's punishment violates Ex Post Facto Clause); *Grennier*, 453 F.3d at 444 (explaining that states risk violating Ex Post Fact Clause only when they change their laws "in ways that increase the punishment for earlier crimes"). Thus, the district court also properly concluded that the Commission did not violate the Ex Post Facto Clause.

*Id*. at 918.

Given that Altman has neither a viable due process claim nor a viable ex post facto claim by virtue of the denial of parole, it follows that his habeas corpus petition should be dismissed.

**NOW THEREFORE IT IS RECOMMENDED** that Altman's petition for a writ of habeas corpus be **DISMISSED**.

3

Your attention is directed to 28 U.S.C. § 636(b)(1)(B), and (C), Federal Rule of Criminal Procedure 59(b), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 20th day of July, 2009 at Milwaukee, Wisconsin.

**BY THE COURT:**

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
