**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

LEWIS ALTMAN, Jr.,

Plaintiff,

v.

Case No. 09-CV-602

WARDEN BRADLEY HOMPE,

Defendant.

---

## ORDER

On June 17, 2009, petitioner Lewis Altman, Jr. ("Altman") filed a Petition for Writ of Habeas Corpus (Docket #1) pursuant to 28 U.S.C. § 2241. The case was assigned to Magistrate Judge Callahan, who, on July 20, 2009, issued a Report and Recommendation (Docket #3) recommending that the court dismiss Altman's petition. According to Magistrate Callahan: "Distilled to its essence, Altman's petition claims that he has been denied parole in violation of the Due Process Clause of the Fourteenth Amendment and the Ex Post Facto Clause of the United States Constitution. Specifically, Altman claims that he has a protected liberty interest in obtaining parole under Wis. Stat. § 304.06 (1r)." (Magistrate R&R at 1). Wis. Stat. § 304.06(1r), which was repealed in 1995, was in effect in 1993 when defendant was sentenced, and stated conditions under which a prisoner would be entitled to parole "unless there [were] overriding considerations" to the contrary. Altman believes he meets the conditions laid out in the statute and thus he is entitled to parole, regardless of the fact that the statute has since been repealed.

Magistrate Callahan's recommendation that the petition be dismissed is firmly rooted in case law directly on point stating that petitioner had no liberty interest in the right to parole (thus, there can be no deprivation of due process) and that the "unless there are overriding considerations" clause of the statute granted discretion to the parole commissioner, thus parole was not mandatory, thus repealing the statute did not ex post facto increase Altman's sentence. The court finds Magistrate Callahan's recommendation to be well reasoned, and further finds that it fully addresses the issues raised in Altman's petition.

While agreeing with Magistrate Callahan that the petition should be dismissed on the merits, the court further finds that in this instance no finding on the merits is necessary. The court first takes judicial notice of the fact that Altman is presently serving a sentence imposed in La Crosse County Circuit Court, Case Number 1993CF001256. The court further notes that Altman is presently confined to Stanley Correctional Institute in Stanley, Wisconsin, which is located in Chippewa County. Both Chippewa County and La Crosse County are in the Western District of Wisconsin. 28 U.S.C. 2241, pursuant to which Altman filed his petition, provides in relevant part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the

application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. 2241(d). Since Altman remains in custody in the Western District of Wisconsin, and he was convicted and sentenced in the Western District, this court finds that in the final analysis it is without jurisdiction to reach the merits of Altman's petition. If, however, the court be in error in this finding, dismissal remains appropriate for the reasons stated in Magistrate Callahan's recommendation.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DISMISSED** for lack of subject matter jurisdiction.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge